UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADRIAN L. RUSSELL,

    Plaintiff,

v.                                Case No. 3:23cv434-LC-HTC

CITY OF MILTON, FL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Adrian L. Russell, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker who has not shown he is in imminent danger of serious physical injury and who failed to pay the full filing fee when he filed the complaint.[1] Also, dismissal is warranted because Plaintiff failed to truthfully disclose his complete litigation history.

I.     THREE-STRIKER STATUS

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Graceville Correctional Facility. ECF Doc. 1 at 2. His

---

[1] Plaintiff did not pay the filing fee and, instead, submitted parts of a motion to proceed *in forma pauperis*, ECF Doc. 2.

complaint names the City of Milton, Florida, as the Defendant.  *Id.*  Plaintiff alleges he was illegally detained at the Blackwater River Correctional Facility ("BRCF") in Milton, Florida.  ECF Doc. 1 at 5.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least four federal actions that were dismissed for failure to state a claim, as malicious, or as frivolous. *See Russell v. Harper*, No. 8:21-cv-01558-KKM-AAS, at ECF Doc. 10 (M.D. Fla. June 9, 2022) (dismissed for failure to state a claim); *Russell v. Cockrell*, No. 8:21-cv-02889-MSS-AEP, at ECF Doc. 2 (M.D. Fla. Jan. 14, 2022) (same); *Russell v. Wester*, et al., No. 8:20-cv-00531-VMC-JSS, at ECF Doc. 11 (M.D. Fla. Apr. 8, 2021) (same); and *Russell v. Ojeda*, No. 8:20-cv-01000-MSS-CPT, at ECF Doc. 5 (M.D. Fla. Sept. 24, 2020) (dismissed because defendant was immune from suit).

Indeed, several courts in this district, as well as the Middle District of Florida, have dismissed Plaintiff's actions because he is a three-striker who failed to pay the filing fee. *See, e.g.*, *Russell v. Helms*, No. 5:22-cv-247-TKW-MJF, at ECF Doc. 5 (N.D. Fla. Dec. 9, 2022); *Russell v. City of Graceville Florida*, No. 5:22-cv-250-TKW-MJF, at ECF Doc. 6 (N.D. Fla. Dec. 9, 2022); *Russell v. Moore*, No. 3:22-cv-4844-LC-ZCB, at ECF Doc. 15 (N.D. Fla. Dec. 7, 2022); *Russell v. Warren, et al.*, No. 822-cv-834-WFJ-MRM, at ECF Doc. 5 (M.D. Fla. July 21, 2022); *Russell v. Central Florida Reception Center*, No. 6:22-cv-536-GKS-DCI, at ECF Doc. 3 (M.D. Fla. Mar. 30, 2022); *Russell v. Warren*, No. 8:22-cv-00411-CEH-AEP, at ECF Doc. 3 (M.D. Fla. Mar. 24, 2022).

Because Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). Plaintiff's complaint, however, does not make that showing. Instead, Plaintiff complains only that he was illegally detained at BRCF "without proper jurisdiction of a warrant." ECF Doc. 1 at 5. There are no allegations which would support a finding of imminent harm. Moreover, Plaintiff is no longer at BRCF, and any past conduct which may have occurred there cannot be the basis of imminent harm under 1915(g). *See, e.g.*, *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

## II.     FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form. Notably, while Plaintiff identified three of his strikes, he *did not* disclose any other cases in response to specific questions regarding his prior litigation. Plaintiff's failure to disclose these other cases is a malicious abuse of the judicial process, for which dismissal is warranted. *See, e.g.*, *Ealy v. CCA*, No. 5:15cv305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate

Case No. 3:23cv434-LC-HTC

information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), as well as for being malicious given Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 18th day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.